UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANGELA ZINNERMAN,<br><br>Plaintiff,<br><br>v.<br><br>HOLIDAY INN SUITES,<br><br>Defendant. | Case No.  2:22-cv-01555-GMN-EJY<br><br>**ORDER**<br><br>and<br><br>**REPORT and RECOMMENDATION** |

Pending before the Court is Plaintiff's Application to Proceed *in forma pauperis* and civil rights Complaint.  ECF Nos. 1, 1-1.

**I.      Application to Proceed *in forma pauperis***

Upon review, Plaintiff's *in forma pauperis* application is complete and granted.

**II.     Screening the Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to 28 U.S.C. § 1915(e).  Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than

labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 678.  Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly,* 550 U.S. at 570.  Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

### III.    Analysis of Plaintiff's Complaint

Liberally construed, Plaintiff alleges one cause of action in her Complaint.  She states she was discriminated against by a Holiday Inn Express located in Pahrump, Nevada, in violation of 42 U.S.C. § 2000a.  "To establish a prima facie case under § 2000a, Title II of the Civil Rights Act, a plaintiff must demonstrate that he: (1) is a member of a protected class; (2) attempted to contract for services and afford himself or herself of the full benefits and enjoyment of a public accommodation; (3) was denied the full benefits or enjoyment of a public accommodation; and (4) such services were available to similarly situated persons outside his or her protected class who received full benefits or were treated better."  *Crumb v. Orthopedic Surgery Med. Grp.*, Case No. 07-cv-6114-GHK-PLAx, 2010 WL 11509292, at *3 (C.D. Cal. Aug. 18, 2010), aff'd, 479 F. App'x 767 (9th Cir. 2012) (internal alterations and citations omitted).

Here, Plaintiff's Complaint includes a single conclusory sentence unsupported by any facts.  ECF No. 1-1 at 3.  Plaintiff's conclusion of discrimination does not establish a prima facie claim under § 2000a.

### IV.    Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's *in forma pauperis* application (ECF No. 1) is GRANTED.

### V.  Recommendation

IT IS HEREBY RECOMMENDED that Plaintiff's Complaint be dismissed without prejudice and with leave to amend.

IT IS FURTHER RECOMMENDED that Plaintiff be given through and including **October 21, 2022** to file an amended complaint. An amended complaint must include sufficient factual allegations to state a prima facie claim of discrimination under § 2000a.

IT IS FURTHER RECOMMENDED that if Plaintiff fails to file an amended complaint on or before October 21, 2022, this case be dismissed without prejudice.

Dated this 19th day of September, 2022.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).