UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANGELA ZINNERMAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HOLIDAY INN & SUITES,<br><br>Defendant. | Case No. 2:22-cv-01555-GMN-EJY<br><br>**ORDER** |

On September 19, 2022, the Court entered a Report and Recommendation to dismiss without prejudice Plaintiff's discrimination claim under 42 U.S.C. § 2000a, but with leave to amend. ECF No. 3. The Recommendation was adopted by the District Judge in ECF No. 6. Plaintiff filed her Amended Complaint before the District Judge adopted the recommendation (ECF Nos. 4, 5); nonetheless, the Court construes these filings together as Plaintiff's Amended Complaint and proceeds with screening.

**I.   Screening the Amended Complaint.**

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than

labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id*. at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

## II.  Plaintiff's Amended Complaint States a *Prima Facie* Claim Under § 2000a.

"To establish a prima facie case under § 2000a, Title II of the Civil Rights Act, a plaintiff must demonstrate that he: (1) is a member of a protected class; (2) attempted to contract for services and afford himself or herself of the full benefits and enjoyment of a public accommodation; (3) was denied the full benefits or enjoyment of a public accommodation; and (4) such services were available to similarly situated persons outside his or her protected class who received full benefits or were treated better." *Crumb v. Orthopedic Surgery Med. Grp.*, Case No. 07-cv-6114-GHK-PLAx, 2010 WL 11509292, at *3 (C.D. Cal. Aug. 18, 2010), *aff'd*, 479 F. App'x 767 (9th Cir. 2012) (internal alterations and citations omitted).

Here, the Amended Complaint alleges Plaintiff was discriminated against by staff at a Holiday Inn Express located in Pahrump, Nevada when she and her daughter were refused breakfast service and told they would not be served unless they could prove they were staying at the hotel. Plaintiff alleges she told the hotel employee that she and her daughter "had the right to be served" and Plaintiff "asked to speak with a supervisor." Plaintiff alleges the supervisor also did not believe she and her daughter were hotel guests. Plaintiff ultimately went to her room and retrieved a room key to demonstrate she was a guest entitled to breakfast service. Plaintiff claims she saw two Caucasian guests served breakfast without being asked and without proving they were hotel guests. Separate from this incident Plaintiff alleges that a hotel employee accused Plaintiff's daughter of

stealing and when confronted the next day with this accusation, the employee referred to Plaintiff and her daughter as "monkeys" and "loud and ghetto."

The Court views all inferences in the light most favorable to plaintiff and applies a liberal construction as required by *Iqbal* and *Twombly*. The Court finds Plaintiff's allegations to support an inference that she (1) is a member of a protected claim, (2) attempted to obtain the full benefit of staying at the Holiday Inn Express, (3) was denied the full benefits when she was denied breakfast, and (4) observed breakfast service was available to similarly situated persons outside his or her protected class (Caucasians). Plaintiff supports these inferences not only the events involving and alleged initial refusal to serve her breakfast, but also with the alleged use of "monkey" and "ghetto" to address her. *Green v. Franklin Nat. Bank of Minneapolis*, 459 F.3d 903, 911 (8th Cir. 2006) ("the use of the term 'monkey'… [has] been part of actionable racial harassment claims across the country"). Thus, Plaintiff establishes a *prima facie* case of discrimination under 42 U.S.C. § 2000a.

### III.   Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's claim under 42 U.S.C. § 2000a may proceed.

IT IS FURTHER ORDERED that under Fed. R. Civ. P. 4(m) the Court *sua sponte* extends the time for Plaintiff to serve her Amended Complaint (which includes ECF Nos. 4 and 5) on Defendant for a period of 90 days following the date of this Order. The Court advises Plaintiff to review Rule 4 of the Federal Rules of Civil Procedure, which is available on line, to understand how to effectively serve Holiday Inn Express.

IT IS FURTHER ORDERED that failure to properly serve her Amended Complaint, together with a Summons, which Plaintiff may request from the Clerk of Court, within 90 days of the date of this Order will result in a recommendation to dismiss this matter in its entirety without prejudice.

DATED this 27th day of January, 2023.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE